# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| POR MOUA, | Civil No. 13-1470 (JRT/SER) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| STATE OF MINNESOTA, | |
| Respondent. | |

Por Moua, No. 003135, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River, MN  55330, *pro se*.

Matthew Frank and James B. Early, Assistant Attorneys General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN  55101; and Peter R. Marker, Assistant Ramsey County Attorney, **RAMSEY COUNTY ATTORNEY'S OFFICE**, 50 Kellogg Boulevard West, Suite 315, Saint Paul, MN  55102, for defendant.

On June 17, 2013, Petitioner Por Moua filed a petition for writ of habeas corpus arguing that his state convictions for assault are invalid because (1) he did not understand English at the time of his trial; (2) the trial court violated his right to a speedy trial; (3) he received ineffective assistance of trial counsel; and (4) the prosecutors engaged in misconduct by using evidence of his past convictions for impeachment at his trial.  The State of Minnesota ("the Government") filed a motion to dismiss Moua's petition, arguing that all of Moua's claims have been procedurally defaulted.  On December 12, 2013, United States Magistrate Judge Steven E. Rau issued a Report and

Recommendation ("R&R") recommending that the Court grant the Government's motion to dismiss Moua's petition in its entirety. Within the time period for filing objections to the R&R, Moua filed several documents that reiterate the factual basis for certain of his claims. Twenty days after the deadline for filing objections had passed, Moua filed an additional document that contains references to portions of the R&R. After a careful review of each of these documents, the Court concludes that Moua has failed to make "**specific** written objections to the proposed findings and recommendations" of the Magistrate Judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). Because the Court finds no clear error or manifest injustice in the R&R, the Court will adopt the R&R in its entirety and deny Moua's petition.

## BACKGROUND[1]

A jury found Moua guilty of first-degree, third-degree, and felony domestic assault after an incident in 2010 during which Moua bit his former girlfriend on the face. *State v. Moua*, No. A11-944, 2012 WL 2505744, at *1 (Minn. Ct. App. July 2, 2012). Moua was sentenced to 175 months imprisonment for his first-degree assault conviction. *Id.*

On direct appeal, Moua challenged his conviction arguing that (1) the district court erred by failing to suppress a custodial statement because Moua's waiver of his Fifth Amendment rights was not knowing, intelligent, or voluntary; (2) the guilty verdict was

---

[1] The background is recited here only to the extent necessary to rule on Moua's submissions. A more complete recitation of Moua's underlying criminal charges and the basis for his claims can be found in the R&R. (*See* R&R, Dec. 12, 2013, Docket No. 30.)

not supported by sufficient evidence; and (3) the district court abused its discretion by allowing the government to use three of Moua's prior convictions for impeachment at trial. *Id.*  The court of appeals rejected each of Moua's arguments and affirmed his conviction. *Id.* at *2-*7.  The court also rejected several issues raised in Moua's *pro se* supplemental brief, finding that the issues raised therein had been forfeited because "Moua fails to brief the issues adequately or provide any legal authority in support of his arguments, and prejudicial error is not obvious on mere inspection." *Id.* at *7.  The Minnesota Supreme Court denied review on September 25, 2012.  (App. to Resp't's Mem. in Supp. of Mot. to Dismiss, Ex. 8 at 74, Aug. 23, 2013, Docket No. 10.)

On June 17, 2013, Moua filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Pet. for Writ of Habeas Corpus, June 17, 2013, Docket No. 1.)  In his petition Moua argues that his convictions are invalid because he did not understand English during the course of his criminal proceedings, the trial court violated his right to a speedy trial, and he received ineffective assistance of trial counsel.  (*See id.* at 6-14.)  The Government filed a motion to dismiss arguing that each of the claims raised was procedurally defaulted.  (*See* Mot. to Dismiss, Aug. 23, 2013, Docket No. 7; Mem. in Supp. of Mot. to Dismiss, Aug. 23, 2013, Docket No. 8.)

Between September 6, 2013, and October 7, 2013, Moua filed thirteen documents with the Court, which reiterated and elaborated upon the bases for his habeas petition. (*See, e.g.*, Ineffective Assistance Claim, Oct. 7, 2013, Docket No. 19; New Twist on Miranda, Oct. 7, 2013, Docket No. 20.)  The Magistrate Judge construed one of these submissions as a motion for appointment of counsel, and denied the motion.  (Order,

Oct. 17, 2013, Docket No. 28.)  In that October 17 order, the Magistrate Judge also indicated that he would "treat all of Moua's submissions to date as a reply" to the Government's motion to dismiss, but warned that "any further submissions will NOT be considered, and will only delay the resolution of Moua's Petition." (*Id.* at 2.)

On December 12, 2013, the Magistrate Judge issued an R&R recommending that the Court grant the Government's motion to dismiss.  (R&R, Dec. 12, 2013, Docket No. 30.)  The Magistrate Judge began by explaining that a federal district court may only consider issues raised in a state prisoner's application for a writ of habeas corpus if the petitioner has exhausted his state court remedies by fairly presenting those claims to the highest available state court before seeking relief in federal court. (*Id.* at 11-12.)  Failure to present habeas claims to a state court renders the claims procedurally defaulted, and a federal court will consider them only if a petitioner can show cause for his failure to exhaust and prejudice resulting therefrom.  (*Id.* at 12.)

Turning to Moua's specific claims, the Magistrate Judge listed the numerous bases for Moua's ineffective assistance of counsel, violation of his right to a speedy trial, and English as a second language claims that he had raised in his petition as well as the thirteen additional documents that were filed prior to issuance of the R&R. (*Id.* at 13-14, 16, 18-19.)  The Magistrate Judge also considered a prosecutorial misconduct claim, which Moua did not raise in his original petition, but raised in a later filing. (*Id.* at 17.)  The Magistrate Judge found that all of these claims were unexhausted because Moua had failed to properly raise the arguments before the Minnesota Court of Appeals or raise the issues at all to the Minnesota Supreme Court in his petition for review.  (*Id.* at 15-19.)

Accordingly, the Magistrate Judge concluded that federal habeas review of each of these claims was procedurally barred because Moua could have, but failed to, present these issues at the time of his direct appeal. (*Id.* at 15, 17-18, 20.) The Magistrate Judge also found that Moua had not demonstrated cause for his failure to raise the issues or actual prejudice resulting therefrom, and therefore had not established an exception to the procedural bar. (*Id.* at 20-21.) Accordingly, the Magistrate Judge recommended that the Government's motion to dismiss be granted, and Moua's petition be denied. (*Id.* at 22.)

Objections to the R&R were due on January 3, 2014. (R&R at 22.) On January 2, 2014, Moua filed six documents which relate generally to the factual basis for the claims in his original petition. (*See* Docket Nos. 31, 32, 33, 34, 36, 37.)[2] On January 23, 2014, Moua filed an additional document that specifically discusses the R&R. (Prosecutorial's Mem. Notice Mot. for Resp't, Jan. 23, 2014, Docket No. 38.)

## ANALYSIS

**I.  STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been

---

[2] On January 2, 2013, Moua also filed a motion to appoint counsel which is currently pending before the Magistrate Judge. (Mot. to Appoint Counsel, Jan. 2, 2014, Docket No. 35.) Other than the addition of an excerpt from what appears to be some sort of legal treatise, that motion is identical to a letter filed at Docket Number 17. (*Compare* Mot. to Appoint Counsel, *with* Letter to Clerk's Office, Oct. 7, 2013, Docket No. 17.)

properly objected to." Fed. R. Civ. P. 72(b)(3). Where a party fails to make proper, specific objections, the Court reviews the R&R only for clear error. *See Mashak v. Minnesota*, Civ. No. 11-473, 2012 WL 928251, at *2 (D. Minn. Mar. 19, 2012) (citing Fed. R. Civ. P. 72 advisory committee's note; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996)).

## II. MOUA'S SUBMISSIONS

The Court concludes that none of the seven documents filed by Moua after the R&R was issued contain sufficiently specific objections to invoke *de novo* review.[3] Proper objections "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *United States v. Walker*, Crim. No. 11-381, 2014 WL 36635, at *1 (D. Minn. Jan. 3, 2014) (internal quotation marks omitted). "Objections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review." *Mashak*, 2012 WL 928251 at *2 (citing *Martinez v. Astrue*, Civ. No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (collecting cases)).

Two of the documents filed by Moua after the R&R simply repeat word-for-word, albeit in a different order with different paragraph numbering, arguments made in his previous submissions that were considered by the Magistrate Judge in issuing the R&R.

---

[3] Furthermore, the Court notes that, to the extent that Moua intended these seven documents together to constitute his objections to the R&R, Moua's more than fifty pages of single spaced submissions vastly exceed the allowable word count under the Local Rules. *See* D. Minn. LR 72.2(c)(1)(A) ("Except with the court's prior permission, objections or a response to objections filed under LR 72.2 must not exceed 3,500 words . . . .").

(Illegal Evidence Obtained of Impeachment, Jan. 2, 2014, Docket No. 33; Resp't's Mem. Notice Mot. For Respondent, Jan. 2, 2014, Docket No. 36.)  For example, the document filed as Docket Number 33 is simply a combination of statements contained in the documents filed at Docket Numbers 14, 16, 17, 20 and 22.  (*E.g.*, *compare* Illegal Evidence Obtained of Impeachment, ¶¶ 14, 16-19, *with* Obtained Illegal Priority Evidence of Impeachment, ¶¶ 1, 3-10, Oct. 7, 2013, Docket No. 22.)  Therefore, the documents filed at Docket Numbers 33 and 36, which repeat verbatim arguments considered by the Magistrate Judge, cannot properly be characterized as specific objections.  *See Rogers v. Astrue*, Civ. No. 11-404, 2012 WL 3890807, at *1 (E.D. Tenn. Sept. 7, 2012) (explaining that "if the objections merely restate the party's arguments raised in the motion . . . and addressed by the magistrate judge, the Court may deem the objections waived" because in such circumstances "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." (internal quotation marks omitted)).

Three of the documents filed by Moua reiterate, in great detail, the factual basis for his ineffective assistance of trial counsel claims, and some of these documents are repetitive of each other and documents filed prior to the issuance of the R&R.  (Urgue, Jan. 2, 2014, Docket No. 31; Notice Ms. Lydee Kamrath: Ineffective of Counsel Assistance, Jan. 2, 2014, Docket No. 32; Notice Ineffective Counsel of Assistance, Jan. 2, 2014, Docket No. 34.)  For example, Moua describes his trial counsel's alleged failure to

investigate, that his trial counsel forced him to testify at trial, and that his trial counsel had a conflict of interest that should have precluded her representation of him. The Magistrate Judge considered all of these issues in the R&R. (*See* R&R at 13-14.) None of these documents, however, addresses the R&R's conclusion that Moua's ineffective assistance of counsel claims are procedurally barred. Instead, Moua merely reiterates his contention that his trial counsel was ineffective. As such, these documents also fail to raise specific objections that would entitle Moua to *de novo* review. *See Ragland v. Raby*, Civ. No. 08-15253, 2010 WL 5279840, at *1 (E.D. Mich. Dec. 16, 2010) ("A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.").

The only document submitted by Moua that directly references the R&R is the document filed at Docket Number 38, which was filed twenty days after the time for filing objections had expired. (Prosecutorial's Mem. Notice Mot. for Resp't, Jan. 23, 2014, Docket No. 38.) Although this submission was untimely, the Court has reviewed it to determine whether it raises any specific objections to the R&R. Construing Moua's submission liberally, *see Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010), he appears to be arguing that the claims raised in his habeas petition are unexhausted because his appellate counsel was ineffective in failing to raise those claims on direct appeal. (*See* Prosecutorial's Mem. Notice Mot. for Resp't at 4-6.) In other words, Moua argues that

the ineffectiveness of his appellate counsel caused his other claims to be unexhausted, and thus the Court may consider his otherwise procedurally defaulted claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (explaining that a federal court is barred from hearing defaulted claims on a habeas petition unless the prisoner can show cause for the default and actual prejudice as a result of the alleged violation of federal law). But Moua did not raise this argument about the cause of his default in his original habeas petition or before the Magistrate Judge, and therefore has not preserved that issue for the Court's review. *See Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000).

Even if the Court were to consider Moua's newly-raised ineffective assistance of appellate counsel claim, it would find that the claim cannot establish cause for the procedural default on his other claims, because the ineffective assistance of appellate counsel claim is itself unexhausted, as Moua has never presented that claim to a Minnesota state court. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("'[A] claim of ineffective assistance' . . . must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)); *Peck v. Minnesota*, Civ. No. 12-2991, 2013 WL 2936052, at *3 (D. Minn. June 14, 2013) ("Petitioner has not presented anything to demonstrate that he raised an ineffective assistance of appeals counsel claim in state court. Therefore, he may not rely on his appeals attorney's alleged refusal as a basis to establish cause for procedural default."); *Lilienfeld v. State*, Civ. No. 02-4781, 2004 WL 1630899, at *3 (D. Minn. July 16, 2004) ("In his brief, plaintiff argues that ineffective assistance of appellate counsel constitutes the requisite cause and prejudice for this Court

to consider his claim on the merits. However, unless the ineffective assistance of appellate counsel claim has also been exhausted, the Court still cannot consider the underlying claims.").

Based on an independent review of the record, the Court finds that the Magistrate Judge correctly concluded that the claims raised in Moua's habeas petition are procedurally defaulted because each of the claims could have been, but was not, properly raised on direct appeal to the Minnesota state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Additionally, the Court agrees that Moua has not demonstrated cause for the default or prejudice resulting therefrom such that the Court could consider the merits of his petition even in light of the procedural default. Accordingly, the Court will grant the Government's motion to dismiss and deny Moua's petition.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Petitioner's arguments [Docket Nos. 31, 32, 33, 34, 36, 37, 38] and **ADOPTS** the Report and Recommendation of the Magistrate Judge, dated December 12, 2013 [Docket No. 30]. Accordingly **IT IS HEREBY ORDERED** that:

1. The State of Minnesota's Motion to Dismiss [Docket No. 7] is **GRANTED**.

2. Moua's Petition for Writ of Habeas Corpus Relief [Docket No. 1] is **DENIED**.

3. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1) the issues raised in Moua's Petition.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 20, 2014　　　　　　　　　____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge